**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ELLEN HANA ABDUR-RAHIM, et al., | Case No. 2:22-cv-2286 |
| Plaintiffs, | Chief Judge Algenon L. Marbley |
| v. | Magistrate Kimberly A. Jolson |
| CITY OF COLUMBUS, et al., | |
| Defendants. | **ANSWER OF DEFENDANTS TO COMPLAINT** |

For their answer to the Complaint filed against them on May 27, 2022, by Plaintiffs Ellen Hana Abdur-Rahim, Elizabeth Andromeda, Duck Bardus, Tanya Bils, Ryan McMullen, Morgan Morrissette, Nicholas Pasquarello, Cole Ramsey, Gwen Short, Helen Stewart, Lena Tenney (ECF No. 2), Defendants City of Columbus ("the City"), Deputy Chief Thomas Quinlan ("Quinlan"), Officer Matthew Hauser[1] ("Hauser") (collectively "Defendants") respond as follows.

1. In response to the allegations contained in Paragraph 1 of the Complaint, Defendants admit that prior to any of the incidents at issue in this lawsuit, former Minneapolis Police Officer Derek Chauvin murdered George Floyd by kneeling on his neck, and that George Floyd's murder set off mass protests nationwide, including in Columbus. Defendants deny that they were involved in the killing of George Floyd, and Defendants are without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 1 of the Complaint.

---

[1] Plaintiffs misspelled Defendant Matthew Hauser's last name as "Houser."

2. In response to Paragraph 2 of the Complaint, Defendants admit that protests began in Columbus, Ohio, on May 28, 2020.  Defendants deny the remaining allegations contained in Paragraph 2 of the Complaint.

3. Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiffs are seeking damages and equitable relief.  Defendants deny allegations of unconstitutional and/or tortious conduct contained in Paragraph 4 of the Complaint.

5. In response to Paragraph 5 of the Complaint, Defendants state that, on September 16, 2020, the Plaintiffs in the case captioned *Tamara K. Alsaada, et al., v. City of Columbus, et al.,* United States District Court for the Southern District of Ohio, Eastern Division, Case No. 2:20-cv-3431, filed a First Amended Complaint. 2:20-cv-3431, AM. COMPL. (R.2, Page ID # 83-200). The Defendants in that action answered said Amended Complaint on November 4, 2020. 2:20-cv-3431, ANSWER AM. COMPL. (R.4, Page ID # 209-286). Defendants hereby incorporate that Answer to the Amended Complaint, filed with this Court, as if fully rewritten herein. Defendants further state that the claims in the *Alsaada* lawsuit relate to different Plaintiffs, and it is improper to incorporate unrelated factual allegations into this Complaint.

6. Paragraph 6 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction over this action. Defendants deny any other allegations contained in Paragraph 6 of the Complaint.

7.  Paragraph 7 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to declaratory, equitable, or injunctive relief.

8.  Paragraph 8 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9.  Paragraph 9 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that venue is proper. Defendants deny the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint contains legal conclusions to which no response is required. Answering further, Defendants admit: (a) that the City is a political subdivision and a municipal corporation duly organized, existing, and operating under the Constitution and statutes of the State of Ohio and the Charter of Columbus, Ohio; and (b) the City operated, supervised, and administered the Columbus Division of Police ("CPD"); (c) in accordance with federal, state, and local laws, the City establishes CPD's policies and provides training, supervision, and discipline to members of CPD; (d) the City is the employer of the Defendants who were specifically named in the Complaint; and (e) the City takes part in some mutual aid agreements. Defendants deny all remaining allegations contained in Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Quinlan was employed by the City as the Chief of CPD at the relevant times. Defendants deny the remaining allegations contained in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Hauser was employed by the City as a member of CPD at all relevant times. Defendants deny the remaining allegations contained in Paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 26 of the Complaint and therefore deny those allegations.

27. In response to Paragraph 27 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff Abdur-Rahim's actions on May 28, 2020, and therefore deny those allegations. Defendants deny all remaining allegations contained in Paragraph 27 of the Complaint. Defendants further assert that Plaintiffs use the terms "pepper spray" and "tear gas" throughout the Complaint. The correct terminology for these riot control agents are "OC" (which is commonly referred to as pepper spray), and "CS" (which is commonly referred to as tear gas). Accordingly, when the term "pepper spray" is used in this Complaint, Defendants will

assume that Plaintiffs are referring to "OC," and when the term "tear gas" is used in the Complaint, Defendants will assume that Plaintiffs are referring to "CS."

28. In response to Paragraph 28 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff Abdur-Rahim's actions on May 29, 2020, and therefore deny those allegations. Defendants deny all remaining allegations contained in Paragraph 28 of the Complaint.

29. In response to Paragraph 29 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff Abdur-Rahim's actions on May 30, 2020, and therefore deny those allegations. Defendants deny all remaining allegations contained in Paragraph 29 of the Complaint.

30. In response to Paragraph 30 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff Abdur-Rahim's actions on May 30, 2020, and therefore deny those allegations. Defendants deny all remaining allegations contained in Paragraph 30 of the Complaint.

31. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 31 of the Complaint and therefore deny those allegations.

32. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 32 of the Complaint and therefore deny those allegations.

33. In response to Paragraph 33 of the Complaint, Defendants admit that on June 16, 2020, Columbus Mayor Andrew Ginther announced that Officers will no longer be permitted to use chemical spray or tear gas to disperse non-violent crowds. Mayor Ginther's statements

speak for themselves. Defendants deny any remaining allegations contained in Paragraph 33 of the Complaint.

34. In response to Paragraph 34 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff Abdur-Rahim's thoughts or actions on June 21, 2020, and therefore deny those allegations. Defendants deny the remaining allegations contained in Paragraph 34 of the Complaint.

35. In response to Paragraph 35 of the Complaint, Defendants admit that (a) Plaintiff Abdur-Rahim was arrested on the evening of June 23, 2020, taken to Police headquarters for identification and processing, and held in a squad car; and (b) that individuals in the crowd interfered with Plaintiff Abdur-Rahim's arrest. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff Abdur-Rahim's thoughts and/or intent on June 23, 2020 contained in Paragraph 35 of the Complaint, and therefore deny those allegations. Defendants deny all remaining allegations contained in Paragraph 35 of the Complaint.

36. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 36 of the Complaint and therefore deny those allegations.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 38 of the Complaint and therefore deny those allegations.

39. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 39 of the Complaint and therefore deny those allegations.

40. In response to Paragraph 40 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief about the truth of the allegations regarding what Plaintiff Andromeda heard and did at the protest on May 30, 2020, and therefore deny those allegations.  Defendants deny all remaining allegations contained in Paragraph 40 of the Complaint.

41. In response to Paragraph 41 of the Complaint, Defendants admit that knee knockers are designed to be skip-fired off of the ground, not fired directly at people.  Defendants deny the remaining allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 44 of the Complaint and deny using any prohibited weapons.

45. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 45 of the Complaint and therefore deny those allegations.

46. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 46 of the Complaint and therefore deny those allegations.

47. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 47 of the Complaint and therefore deny those allegations.

48. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 48 of the Complaint and therefore deny those allegations.

49. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 49 of the Complaint and therefore deny those allegations.

50. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 50 of the Complaint and therefore deny those allegations.

51. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 51 of the Complaint and therefore deny those allegations.

52. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 52 of the Complaint and therefore deny those allegations.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 55 of the Complaint and therefore deny those allegations.

56. In response to Paragraph 56 of the Complaint, Defendants deny that the police inflicted carnage at the George Floyd protests. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 56 of the Complaint and therefore deny those allegations.

57. In response to Paragraph 57 of the Complaint, Defendants admit that a crowd of protestors had gathered at Broad Street & High Street on the evening of May 28, 2020. Further answering, Defendants assert that they lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff Bardus' purported actions and/or service as a street medic on May 28, 2020, and therefore deny those allegations. Defendants deny the remaining allegations contained in Paragraph 57 of the Complaint.

58. In response to Paragraph 58 of the Complaint, Defendants assert that they lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff Bardus' purported service as a street medic on May 29, 2020, and therefore deny those allegations. Defendants deny the remaining allegations contained in Paragraph 58 of the Complaint.

59. In response to Paragraph 59 of the Complaint, Defendants assert that they lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff Bardus' purported actions and service as a street medic on May 30, 2020, and therefore deny those allegations. Defendants deny the remaining allegations contained in Paragraph 59 of the Complaint.

60. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 60 of the Complaint and therefore deny those allegations.

61. In response to Paragraph 61 of the Complaint, Defendants assert that they lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff Bardus' purported service as a street medic on May 31, June 1, and June 2, 2020, and therefore deny those allegations. Defendants deny the remaining allegations contained in Paragraph 61 of the Complaint.

62. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 62 of the Complaint and therefore deny those allegations.

63. Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint.  Further answering, Defendants state that they lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the supplies Plaintiff Bardus carried to the protests, and therefore deny those allegations.

65. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 65 of the Complaint and therefore deny those allegations.

66. In response to Paragraph 66 of the Complaint, Defendants admit that on June 16, 2020, Columbus Mayor Andrew Ginther announced that Officers will no longer be permitted to use chemical spray or tear gas to disperse non-violent crowds.  Mayor Ginther's statements speak for themselves. Defendants deny any remaining allegations contained in Paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68. In response to Paragraph 68 of the Complaint, Defendants deny that Plaintiff Bardus was the target of intimidation tactics that culminated with an assault on July 31, 2020. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 68 of the Complaint, and therefore deny those allegations.

69. In response to Paragraph 69 of the Complaint, Defendants admit that Plaintiff Bardus was at a protest at the Fraternal Order of Police office at 222 East Town Street and that they purported to be a street medic. Defendants deny the remaining allegations contained in Paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 71 of the Complaint and therefore deny those allegations.

72. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 72 of the Complaint and therefore deny those allegations.

73. In response to Paragraph 73 of the Complaint, Defendants admit that Tyre King was a 13-year old who was shot and killed by a Columbus Police Officer in 2016, that the involved officer was not indicted, and that Tyre King's death resulted in protests in Columbus. Defendants deny that Tyre King had a toy gun and was facing away from the Officer at the time he was shot. The facts of that case are in dispute, and the case is currently pending in this Court. The statements of Mayor Ginther and former Columbus Police Chief Kim Jacobs speak for themselves.   Defendants lack knowledge or information sufficient to form

a belief about the truth of the allegations that Plaintiff Bils was holding a sign with Tyre King's name written on it. Defendants deny all remaining allegations contained in Paragraph 73 of the Complaint.

74. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the first two sentences of Paragraph 74 of the Complaint and therefore deny those allegations. Defendants deny the remaining allegations contained in Paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 77 of the Complaint.

78. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding what is shown in the video link contained in Paragraph 81 of the Complaint and therefore deny those allegations.

82. In response to Paragraph 82 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the sentiments of the crowd and therefore deny those allegations. Defendants deny all remaining allegations contained in Paragraph 82 of the Complaint.

83. In response to Paragraph 83 of the Complaint, Defendants admit that CPD's bike unit and mounted unit were attempting to keep protestors on the sidewalk on the morning of May 30, 2020. Defendants deny all remaining allegations contained in Paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint. Further answering, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the ethos among protestors and therefore deny those allegations.

85. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 85 of the Complaint and therefore deny those allegations.

86. Defendants deny the allegations contained in the first two sentences of Paragraph 86 of the Complaint. Further answering, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the last two sentences of Paragraph 86 of the Complaint and therefore deny those allegations.

87. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 87 of the Complaint and therefore deny those allegations.

88. Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90. In response to Paragraph 90 of the Complaint, Defendants admit that a tactical team responded. Defendants deny the remaining allegations contained in Paragraph 90 of the Complaint.

91. In response to Paragraph 91 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief about the truth of Plaintiff McMullen's allegations that (1) he was struck with knee knockers and (2) that the photo attached to Paragraph 92 is a photo of his leg, and, as a result, Defendants deny those allegations. Defendants deny all remaining allegations contained in Paragraph 91 of the Complaint.

92. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 92 of the Complaint and therefore deny the allegations.

93. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 93 of the Complaint and therefore deny the allegations.

94. Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 95 of the Complaint and therefore deny those allegations.

96. In response to Paragraph 96 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff Morrisette's actions on May 30, 2020, and therefore deny those allegations. Defendants deny the remaining allegations contained in Paragraph 96 of the Complaint.

97. In response to Paragraph 97 of the Complaint, Defendants assert that they lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff Morrisette's actions and/or observations on June 21, 2020, and therefore deny those allegations. Defendants deny the remaining allegations contained in Paragraph 97 of the Complaint.

98. In response to Paragraph 98 of the Complaint, Defendants assert that they lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff Morrisette's actions, intentions, and/or observations on June 23, 2020, and therefore deny those allegations. Defendants deny the remaining allegations contained in Paragraph 98 of the Complaint.

99. Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100. Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 101 of the Complaint and therefore deny those allegations.

102. In response to Paragraph 102 of the Complaint, Defendants admit that the National Lawyers Guild sent legal observers to protests in Columbus and that CPD was aware that legal observers were at the protests. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 102 of the Complaint and therefore deny those allegations.

103. In response to Paragraph 103 of the Complaint, Defendants assert that they lack knowledge or information sufficient to form a belief about the truth of the allegations that Plaintiff Pasquarello served as a legal observer on May 28, 2020, and therefore deny those allegations. Defendants deny the remaining allegations contained in Paragraph 103 of the Complaint.

104. In response to Paragraph 104 of the Complaint, Defendants assert that they lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff Pasquarello's actions and/or service as a legal observer on May 30,

2020, and therefore deny those allegations. Defendants deny the remaining allegations contained in Paragraph 104 of the Complaint.

105.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 105 of the Complaint and therefore deny those allegations.

106.    In response to Paragraph 106 of the Complaint, Defendants deny that CPD used less lethal munitions without warning and/or without providing dispersal orders. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 106 of the Complaint and therefore deny those allegations.

107.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 107 of the Complaint and therefore deny those allegations.

108.    In response to Paragraph 108 of the Complaint, Defendants deny that they engaged in misconduct and deny that they chilled Plaintiff Pasquarello's protected First Amendment activities. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 108 of the Complaint and therefore deny those allegations.

109.     Defendants deny the allegations contained in Paragraph 109 of the Complaint.

110.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 110 of the Complaint and therefore deny those allegations.

111.    Defendants admit the allegations contained in Paragraph 111 of the Complaint.

112.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 112 of the Complaint and therefore deny those allegations.

113.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 113 of the Complaint and therefore deny those allegations.

114.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 114 of the Complaint and therefore deny those allegations.

115.     In response to Paragraph 115 of the Complaint, Defendants admit that Defendant Ramsey was arrested for violation of curfew. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 115 of the Complaint and therefore deny those allegations.

116.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 116 of the Complaint and therefore deny those allegations.

117.     In response to Paragraph 117 of the Complaint, Defendants admit the charges against Plaintiff Ramsey were dropped. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 117 of the Complaint and therefore deny those allegations.

118.     In response to Paragraph 118 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff

Ramsey's actions and observations on June 21, 2020, and therefore deny those allegations. Defendants deny all remaining allegations contained in Paragraph 118 of the Complaint.

119.　　　Defendants deny the allegations contained in Paragraph 119 of the Complaint.

120.　　　Defendants deny the allegations contained in Paragraph 120 of the Complaint.

121.　　　Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 121 of the Complaint and therefore deny those allegations.

122.　　　In response to Paragraph 122 of the Complaint, Defendants deny that CS was used without warning.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 122 of the Complaint and therefore deny those allegations.

123.　　　Defendants deny the allegations contained in Paragraph 123 of the Complaint.

124.　　　Defendants deny the allegations contained in Paragraph 124 of the Complaint.

125.　　　Defendants deny the allegations contained in Paragraph 125 of the Complaint.

126.　　　In response to Paragraph 126 of the Complaint, Defendants deny that BQIC has been harassed and targeted by CPD in the past. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 126 of the Complaint.

127.　　　Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 127 of the Complaint and therefore deny those allegations.

128.　　　In response to Paragraph 128 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations that Plaintiff

Stewart was pepper sprayed and/or tear gassed by CPD, and therefore deny those allegations. Defendants deny all remaining allegations contained in Paragraph 128 of the Complaint.

129.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 129 of the Complaint and therefore deny those allegations.

130.     In response to Paragraph 130 of the Complaint, Defendants admit that Council President Shannon Hardin and Congresswoman Joyce Beatty were part of a crowd of protestors that was pepper sprayed on May 30, 2020.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff Stewart's actions, observations, and/or thoughts on May 30, 2020, and therefore deny those allegations.  Defendants deny all remaining allegations contained in Paragraph 130 of the Complaint.

131.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 131 of the Complaint.

132.     Defendants deny the allegations contained in Paragraph 132 of the Complaint.

133.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 133 of the Complaint and therefore deny those allegations.

134.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 134 of the Complaint and therefore deny those allegations.

135.     Defendants deny the allegations contained in Paragraph 135 of the Complaint.

136.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 136 of the Complaint and therefore deny those allegations.

137.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 137 of the Complaint and therefore deny those allegations.

138.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 138 of the Complaint and therefore deny those allegations.

139.     In response to Paragraph 139 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff Tenney sought treatment at Ohio State Wexner Medical Center for right knee and leg injuries, and therefore deny those allegations.  Defendants deny that they caused those alleged injuries and deny all remaining allegations in Paragraph 139 of the Complaint.

140.     In response to Paragraph 140 of the Complaint, Defendants deny that they caused Plaintiff Tenney's alleged injuries. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 140 of the Complaint and therefore deny those allegations.

141.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 141 of the Complaint and therefore deny those allegations.

142.     Defendants deny the allegations contained in Paragraph 142 of the Complaint.

143.     Defendants deny the allegations contained in Paragraph 143 of the Complaint.

144.     Defendants deny the allegations contained in Paragraph 144 of the Complaint.

145.     In response to Paragraph 145 of the Complaint, Defendants incorporate the foregoing Paragraphs of this Answer as if fully re-written here.

146.     Defendants deny the allegations contained in Paragraph 146 of the Complaint.

147.     Defendants deny the allegations contained in Paragraph 147 of the Complaint.

148.     In response to Paragraph 148 of the Complaint, Defendants incorporate the foregoing Paragraphs of this Answer as if fully re-written here.

149.     Defendants deny the allegations contained in Paragraph 149 of the Complaint.

150.     Defendants deny the allegations contained in Paragraph 150 of the Complaint.

151.     In response to Paragraph 151 of the Complaint, Defendants incorporate the foregoing Paragraphs of this Answer as if fully re-written here.

152.     Defendants deny the allegations contained in Paragraph 152 of the Complaint.

153.     In response to Paragraph 153 of the Complaint, Defendants incorporate the foregoing Paragraphs of this Answer as if fully re-written here.

154.     Defendants deny the allegations contained in Paragraph 154 of the Complaint.

155.     In response to Paragraph 155 of the Complaint, Defendants incorporate the foregoing Paragraphs of this Answer as if fully re-written here.

156.     Defendants admit the allegations contained in Paragraph 156 of the Complaint.

157.     Defendants deny the allegations contained in Paragraph 157 of the Complaint.

158.     Paragraph 158 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 158 of the Complaint.

159.      Paragraph 159 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 159 of the Complaint.

160.      Paragraph 160 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit a federal lawsuit was filed seeking to declare Mayor Ginther's Executive Order unconstitutional, captioned *Jason Woodland v. City of Columbus, et al.,* 2:20-cv-2949-ALM-KAJ.  Defendants deny the remaining allegations contained in Paragraph 160 of the Complaint.

161.      In response to Paragraph 161 of the Complaint, Defendants admit that Mayor Ginther rescinded the Executive Order on June 6, 2020.  Defendants deny all remaining allegations contained in Paragraph 161 of the Complaint.

162.      Defendants deny the allegations contained in Paragraph 162 of the Complaint.

163.      In response to Paragraph 163 of the Complaint, Defendants incorporate the foregoing Paragraphs of this Answer as if fully re-written here.

164.      Defendants deny the allegations contained in Paragraph 164 of the Complaint.

165.      Defendants deny each and every allegation contained in Section VI of the Complaint, entitled "Relief Sought."

166.      Defendants deny each and every allegation contained in the Complaint that is not specifically and unequivocally admitted in the foregoing statements, admissions, and denials made above.

## **AFFIRMATIVE DEFENSES**

1.  Plaintiffs fail to state any claims upon which relief can be granted.

2.  Plaintiffs' claims are barred, in whole or in part, by the doctrine of qualified immunity.

3.  At all relevant times, Defendants acted reasonably, in good faith, and not in violation of any clearly established federal, state, or local right created by any constitution, statute, rule, regulation, case law, or other legal authority.

4.  Defendants are entitled to all applicable immunities, defenses, set-offs, and other limitations set forth in Chapter 2744 of the Ohio Revised Code.

5.  Plaintiffs' claims are barred by Ohio Revised Code Section 2307.60 (B)(2).

6.  Plaintiffs' claims and damages are barred, in whole or in part, by the superseding, intervening acts or omissions of others over whom Defendants have no control or authority and for whom Defendants are neither responsible nor liable.

7.  Plaintiffs have failed to mitigate their alleged damages.

8.  Plaintiffs assumed the risk of their damages.

9.  Plaintiffs are not entitled, or have no standing, to maintain the instant action as one for declaratory or prospective injunctive relief.

10. Plaintiffs' claims for declaratory, equitable, and injunctive relief are moot.

11. Defendants are not liable for punitive damages in their official capacities.

12. There is a misjoinder of the parties.

13. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

14. Plaintiffs' claims against the John and Jane Doe Defendants are barred by the applicable statutes of limitations.

15. Defendants reserve the right to assert such additional defenses that may become apparent as investigation and discovery in this civil action proceeds.

WHEREFORE, Defendants respectfully request that Plaintiffs' Complaint be dismissed at Plaintiffs' cost and that Defendants be awarded their reasonable costs of this action, and such other relief as the Court deems just and proper.

## JURY DEMAND

Defendants demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure as to all issues so triable.

Respectfully submitted,

/s/ Alana V. Tanoury
Alana V. Tanoury (0092265)
Westley M. Phillips (0077728)
Sheena D. Rosenberg (0088137)
Alexandra N. Pickerill (0096758)
CITY OF COLUMBUS, DEPARTMENT OF LAW
77 North Front Street, Columbus, Ohio 43215
(614) 645-7385 / (614) 645-6949 (fax)
avtanoury@columbus.gov
wmphillips@columbus.gov
sdrosenberg@columbus.gov
anpickerill@columbus.gov

Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on July 26, 2022, I electronically filed the foregoing with the Clerk of this Court by using the Court's CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF System.

/s/ Alana V. Tanoury
Alana V. Tanoury (0092265)
